## COLUMBIA INS. CO. OF NEW JERSEY v. PEOPLES EXCHANGE BANK OF RUSSELLVILLE.

### No. 11561.

Circuit Court of Appeals, Eighth Circuit.

Feb. 20, 1940.

Verne McMillen, of Little Rock, Ark., for appellant.

Robert J. White and Reece A. Caudle, both of Russellville, Ark., for appellee.

Before WOODROUGH and THOMAS, Circuit Judges, and NORDBYE, District Judge.

WOODROUGH, Circuit Judge.

This is a suit upon a four thousand dollar fire insurance policy issued by the defendant to plaintiff covering plaintiff's building at 120 North Arkansas Avenue, in Russellville, Arkansas. A loss within the coverage of the policy was admitted by the insurance company. The plaintiff claimed the amount of the loss was four thousand dollars. The defendant claimed the recoverable loss was only $2,655.98, which it offered to pay. Jury was waived, and on the trial before the court counsel for the defendant stated that "the only question involved in this cause is the amount of damage to the building". Whereupon the court heard voluminous evidence from both parties and found "that * * * said building suffered a direct loss by fire and the damage sustained by reason thereof is the sum of four thousand dollars". Judgment for that amount, with the added penalty, attorney's fees and costs allowed by the statute, was entered accordingly. The insurance company appeals.

The appellant contends that the court failed to enforce the following limitation on the amount of insurance contained in the policy: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs and the loss or damage shall be ascertained according to such actual cash value and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality;" The company makes no point that the cash value of the building was less than the amount of the judgment, but contends that the undisputed evidence establishes that the judgment exceeded "what it would cost the insured to repair or replace the same with material of like kind and quality" within the meaning of the policy.

The plaintiff called witnesses who described the fire damage, and contractors who testified as experts in great detail what it would cost to repair and replace the damaged items of the building. According to their testimony, such cost would be in excess of four thousand dollars.

The plaintiff did not prove that it had called upon any contractors to bid upon a contract to replace the building. It apparently did not want such work done but was content with making some repairs sufficient to render the building usable. By the terms of the policy the insurance company had the option at its election to rebuild the building instead of paying the insurance, but did not exercise the option. It introduced evidence that an experienced building contractor had made a written offer to restore the building to a condition as good as that immediately prior to the fire for $2,655.98. The contractor also testified that he then stood ready to fulfill the offer. He offered to give bond for performance, it appearing that the defendant made his completion bonds. On cross examination it was developed that there were items of work to be done which were not included in the estimate which he had made prior to his offer, and his estimates of costs were not in accord with those made by plaintiff's witnesses.

The appeal is based on the proposition that the evidence of the contractor's offer constituted undisputed and therefore conclusive proof that the amount of the offer was the amount which "it would cost the insured to repair or replace the building with material of like kind and quality" within the meaning of the policy.

 We think the appeal is without merit. Of course the proof of the contractor's offer adduced by defendant tended to sustain the defendant's answer that "it would not have cost the plaintiff more than $2,655.98 to repair or replace the building and place the building in as good condition as it was prior to the fire". The evidence was received and no objection being made to it, it was doubtless weighed by the court. But there was no provision in the insurance policy that the insurance company's obligation in case of fire should be limited to an amount at which some contractor could be found to take a restoration contract. The obligation of the insurance company was to pay what it would cost the insured. That cost was the "damage to the building", the amount of which the parties agreed before the trial was "the only question involved in this case". There was no error in the court's refusal to find that the plaintiff was obligated to call for bids from contractors, or that such bids were the exclusive criterion of damage.

Careful study of the voluminous testimony convinces that all of it was directed to the question of damage measured by the probable cost of restoration, that it was conflicting and that the court's finding was not·clearly erroneous, due regard being given to the opportunity of the trial court to judge of the credibility of the witnesses. Rules of Civil Procedure, rule 52, 28 U.S.C.A. following section 723c.

Affirmed.